CM

**Serve**

# CITATION

WM SPECIALTY MORTGAGE LLC, ET AL

17TH JUDICIAL DISTRICT COURT

VERSUS NO. 107468

PARISH OF LAFOURCHE

FLORENCE MALBROUGH PARFAIT, ET AL

STATE OF LOUISIANA

STATE OF LOUISIANA:

TO: AMERIQUEST MORTGAGE COMPANY
THROUGH ITS REGISTERED AGENT:
NATIONAL REGISTERED AGENTS, INC.
1011 N. CAUSEWAY BLVD., STE. 3
MANDEVILLE, LA 70471

residing in the Parish of ST. TAMMANY, State of Louisiana.

You are hereby cited to comply with the demand contained in the
THIRD PARTY DEMAND
a certified copy of which accompanies this citation.
Alternatively, you should file an answer or other pleading to said
THIRD PARTY DEMAND
in the office of the Clerk of the Seventeenth Judicial
District Court, in Thibodaux, Louisiana, within
fifteen (15) days after the service hereof.  Your failure to comply
herewith will subject you to the penalty of entry of default
judgment against you.

Witness the Honorable Judges of said Court.

Granted under the impress of the seal of said Court and my official
signature,  2ND DAY OF SEPTEMBER, 2009.

VERNON H. RODRIGUE
CLERK OF COURT

Christie J. Morrison
Deputy Clerk of Court
Lafourche Parish

ATTORNEY:

MELANCON/RIMES
ATTORNEY'S AT LAW
8706 JEFFERSON HIGHWAY, STE. B
BATON ROUGE, LA 70809

A TRUE COPY
Clerk of Court's Office
Thibodaux, La. Sept. 2, 2009
Christie J. Morrison
Clerk Of Court

| PERSONAL SERVICE | DOMICILLARY SERVICE |
|---|---|
| on _____ on the _____ day of _____, 20 ____ Service: _____ Mileage: _____ | on _____ by leaving same with _____ on the _____ day of _____, 20 ____ Service: _____ Mileage: _____ |
| _____ Dty. Sheriff-ST. TAMMANY Parish | _____ Dty. Sheriff-ST. TAMMANY Parish |

| | |
|---|---|
| WM SPECIALTY MORTGAGE, LLC WITHOUT RECOURSE | NUMBER 107,468   DIVISION: "C" |
| VERSUS | 17TH JUDICIAL DISTRICT COURT |
| | PARISH OF LAFOURCHE |
| FLORENCE MALBROUGH PARFAIT AND MITCHELL ANTHONY PARFAIT | STATE OF LOUISIANA |

### MOTION FOR LEAVE OF COURT TO FILE THIRD PARTY PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Florence Parfait and Mitchell Parfait, who file their Motion for Leave of Court to File Third Party Petition for Damages, and respectfully aver as follows:

1.

This matter is not set for trial.

2.

The Parfaits will not present testimony at the hearing of this matter.

3.

On or about July 30, 2009, this Court ruled that WM Specialty Mortgage, LLC could not be held liable for fraud pursuant to the Truth in Lending Act, 15 U.S.C. §1641(a), which limits assignee liability. Plaintiffs have filed a Motion for Reconsideration of the Court's ruling relative to assignee liability under §1641(a).

4.

Notwithstanding, based on the Court's ruling, the Parfaits seek leave of court to file an action against the original lender, Ameriquest Mortgage Company.

5.

The Parfaits seek leave of court to file a state cause of action for fraud and a federal cause of action arising under the Credit Repair Organizations Act, 15 U.S.C. §1679, *et seq* and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

WHEREFORE, Florence Parfait and Mitchell Parfait, pray that this Court grant leave of court to file their Third Party Petition for Damages.

## ORDER

IT IS HEREBY ORDERED that Mitchell and Florence Parfait are granted leave of court to file their Third Party Petition for Damages against Ameriquest Mortgage Company.

Signed this ____ day of _____, 2009 at Thibodeaux, Louisiana.

_____
Judge Walter Lanier, 17th JDC

Respectfully Submitted:
**Melancon | Rimes**

_/s/ Jason L. Melancon_
Jason L. Melancon, La. Bar No. 28152
Robert C. Rimes, La. Bar No. 28740
8706 Jefferson Hwy., Suite B
Baton Rouge, LA 70809
Telephone: (225) 303-0455
Fax: (225) 303-0459
jason@melanconrimes.com

Marx Sterbcow, LLM, JD
La. Bar No. 28425
The Sterbcow Law Group, LLC
1734 Prytania St.
New Orleans, LA 70130
Telephone: (504) 523-4930
Fax: (888) 241-6248

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was served via facsimile and email to the following counsel of record:

Paul Rumage
Law Office of Paul Rumage
13541 Tiger Bend Road
Baton Rouge, LA 70817
Telephone: (504) 458-3999
Facsimile: (225) 756-5311
Email: rumagelawoffice@cs.com

Signed this 10th day of August, 2009 at Baton Rouge, Louisiana.

_/s/ Jason L. Melancon_
Jason L. Melancon

**FILED**
AUG 2 8 2009
_Christie J. Morrison_
CLERK OF COURT

A TRUE COPY
Clerk of Court's Office
Thibodaux, La. Sept 2, 2009
_Christie J. Morrison_
Clerk Of Court

- 2 -

| | |
|---|---|
| **WM SPECIALTY MORTGAGE, LLC WITHOUT RECOURSE** | NUMBER 107,468   DIVISION: "C" |
| **VERSUS** | 17TH JUDICIAL DISTRICT COURT |
| | PARISH OF LAFOURCHE |
| **FLORENCE MALBROUGH PARFAIT AND MITCHELL ANTHONY PARFAIT** | STATE OF LOUISIANA |

### THIRD PARTY PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Mitchell and Florence Parfait, domiciled in the Parish of LaFourche ("Parfaits"), State of Louisiana, who respectfully aver as follows:

### INTRODUCTION

1. Ameriquest Mortgage Company's ("Ameriquest") predatory lending practices of fraudulently inflating income in order to qualify borrowers for residential loans that they could not otherwise qualify or afford are now well known. The Parfaits fell victim to Ameriquest Mortgage Company's predatory lending practice of inflating income. The Parfaits file this action against Ameriquest as the original lender of the Parfait's loan, which remains presently in foreclosure before this Court.

### PARTIES

2. Third party demand plaintiffs herein are Florence and Mitchell Parfait, individuals domiciled in the Parish of Lafourche, State of Louisiana, who are defendants in the principal demand.

3. Made defendant herein is Ameriquest Mortgage Company, a non-Louisiana business corporation licensed to do and doing substantial business in the State of Louisiana, who may be served at National Registered Agents, Inc., 1011 N. Causeway Blvd., Ste. 3, Mandeville, LA 70471.

### FACTUAL BACKGROUND

4. In or around December of 2004, the Parfaits applied to refinance their home with an Ameriquest loan officer located in New Orleans, Louisiana. Florence and Mitchell Parfait openly told the Ameriquest loan officer that both he and his wife suffered from medical issues which prevented them from working. Mr. Parfait also told the loan officer that both he and his wife lived on a fixed income derived from social security disability

payments. The Parfaits provided proof of those disability payments to the Ameriquest loan officer.

5. Following underwriting, the Ameriquest loan officer offered the Parfaits a two (2) year adjustable rate mortgage starting at 8.99%. The Parfaits initially rejected the offer.

6. The Ameriquest loan persuaded the Parfaits into accepting the offer by claiming that the Parfaits could improve their credit score by paying on this loan for a period of one year, which would allow the Ameriquest loan officer to refinance their loan into a new lower fixed interest rate loan.

7. Based upon the Ameriquest loan officer's assurances of a future refinance on better loan terms with a better credit rating, on December 21, 2004, the Parfaits signed a promissory note with a two year variable interest rate feature. The first interest rate change was schedule for January of 2007.

8. While making timely payments on the subject loan, the Parfaits contacted a representative of AMC Mortgage Services, Inc. ("AMC") to refinance the loan as originally directed by Ameriquest's loan officer.

9. By way of reference, AMC and Ameriquest were formerly sister, subsidiary companies of the same parent company, ACC Capital Corporation. While Ameriquest was the note holder, AMC held the servicing rights to the Parfait's loan.

10. Contrary to the Ameriquest loan officer's promises, the AMC representative told the Parfaits that they would not qualify for a refinance with their stated disability income.

11. Moreover, the AMC representative told the Parfaits that their income would have never qualified them for the loan taken in December of 2004. The Parfaits were told that their loan-to-debt ratio prevented them from passing underwriting standards. The Parfaits told the AMC representative that this was not right as Ameriquest qualified them for a loan from which they could not now refinance.

12. The Parfaits then contacted another lender in regards to a refinance. That lender also told the Parfaits that they did not qualify for a refinance based upon their loan-to-debt ratio. This other lender asked the Parfaits if they still made $5,000.00 per month from Parfait Services, Inc. The Parfaits told this lender that they had never made $5,000.00 per month, nor did they ever own, or know about, any purported Parfait Services, Inc. This

lender told the Parfaits to contact their current lender because their credit reports indicated that the Parfait's made $5,000.00 per month through Parfait Services, Inc.

13. The Parfaits contacted AMC to inquire about the purported $5,000.00 per month income. After several telephone conversations, an unidentified female employee found a letter in the Parfaits' loan file indicating that Florence Parfait made $5,000.00 per month with Parfait Services, Inc. This unidentified female then faxed the letter to the Parfaits. The Parfaits, particularly Florence Parfait, whose signature is located on the document, had neither seen this document nor signed this document.[1]

14. Ultimately, the two (2) year adjustable interest rate increased, and so too did the monthly payment amount. The Parfaits were not able to pay the new monthly amount.

15. Ameriquest ultimately assigned the note to WM Specialty Mortgage, LLC, which buys Ameriquest loans for the sole purpose of filing foreclosure proceedings.

## FIRST CLAIM FOR RELIEF

### Rescission and Damages for Vice of Consent Based Upon Fraud and Misrepresentation

16. La. Civ. Code art. 1948 provides that consent to a contract may be vitiated by fraud.

17. The Parfaits allege that an Ameriquest representative committed fraud by falsely stating the Parfaits' income at $5,000.00 per month in order to qualify the Parfaits for a residential mortgage loan that they could not otherwise afford or refinance in the future.

18. The alleged fraud by an Ameriquest representative was committed during the underwriting process where the Parfaits were qualified for the subject loan.

15. 18 U.S.C. § 1028 provides for criminal penalties when a person knowingly produces, transfers or possesses a false identification document.

16. 18 U.S.C. § 1014 proscribes false statements made with an intent to influence the actions of a financial institution with respect to loans and certain other transactions.

17. 18 U.S.C. § 1344 proscribes efforts to defraud a financial institution or obtain money from the institution.

18. 18 U.S.C. § 1005 proscribes the making of false entries in the records of a financial institution with the intent to deceive officers of the institution.

---

[1] See Exhibit "A."

19. 18 U.S.C. § 1001, the general federal false statements statute, proscribes false statements made in any matter within the jurisdiction of a federal department or agency.

20. The Parfaits allege that the Ameriquest representative who manufactured this fraudulent stated income letter violated state and federal laws relating to loan fraud.

19. The Parfaits seek rescission of the subject loan for vice of consent based upon fraud pursuant to La. Civ. Code art. 1948.

20. The Parfaits further seek special and general damages from Ameriquest that were proximately caused by these alleged fraudulent activities.

## SECOND CLAIM FOR RELIEF

### Compensatory and Punitive Damages for Violation of the Credit Repair Organizations Act

21. 15 U.S.C. § 1679(b) of the federal Credit Repair Organizations Act ("Credit Repair Act") provides:

(a) In general

No person may--

(1) make any statement, or counsel or advise any consumer to make any statement, which is untrue or misleading (or which, upon the exercise of reasonable care, should be known by the credit repair organization, officer, employee, agent, or other person to be untrue or misleading) with respect to any consumer's credit worthiness, credit standing, or credit capacity to--

    (A) any consumer reporting agency (as defined in section 1681a(f) of this title); or

    (B) any person--

        (i) who has extended credit to the consumer; or

        (ii) to whom the consumer has applied or is applying for an extension of credit;

(2) make any statement, or counsel or advise any consumer to make any statement, the intended effect of which is to alter the consumer's identification to prevent the display of the consumer's credit record, history, or rating for the purpose of concealing adverse information that is accurate and not obsolete to--

    (A) any consumer reporting agency;

    (B) any person--

        (i) who has extended credit to the consumer; or

        (ii) to whom the consumer has applied or is applying for an extension of credit;

21. 15 U.S.C. § 1679(g) of the Credit Repair Act provides civil liabilities as follows:

a) Liability established

>Any person who fails to comply with any provision of this subchapter with respect to any other person shall be liable to such person in an amount equal to the sum of the amounts determined under each of the following paragraphs:
>
>>(1) Actual damages
>
>>The greater of--
>
>>>(A) the amount of any actual damage sustained by such person as a result of such failure; or
>
>>>(B) any amount paid by the person to the credit repair organization.
>
>>(2) Punitive damages
>
>>>(A) Individual actions
>
>>>In the case of any action by an individual, such additional amount as the court may allow.

22. Credit repair organization. -- The term 'credit repair organization'--

    (A) means any person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of--

    >(i) improving any consumer's credit record, credit history, or credit rating; or

    >(ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i); and

    (B) does not include--

    >(ii) any creditor (as defined in section 103 of the Truth in Lending Act),(5) with respect to any consumer, to the extent the creditor is assisting the consumer to restructure any debt owed by the consumer to the creditor.

23. Ameriquest is a credit repair organization because (1) Ameriquest used the subject refinance loan for the implied purpose of improving the Parfaits' credit record, credit history and credit rating, which did not involve the restructuring of a prior debt owed to Ameriquest.

24. Ameriquest's fraudulent stated income letter providing an untrue statement of $5,000.00 per month income affects the Parfaits' credit worthiness, credit standing, or credit capacity and violates 15 U.S.C. §1679(b)(a)(1) and (2), *supra*.

25. The fraudulent stated income was made public on the Parfaits' credit history.

26. The fraudulent statement income affected the Parfaits' credit worthiness, credit standing, credit capacity with the second lender the Parfaits contacted for possible refinancing.

27. The Parfaits seek compensatory and punitive damages for Ameriquest's violation of the federal Credit Repair Organizations Act.

## THIRD CLAIM FOR RELIEF

### Compensatory and Punitive Damages for Violation of the Fair Credit Reporting Act

28. 15 U.S.C. §1681b(f) and § 1681(n)(a) of the Fair Credit Reporting Act provides that a person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section....

29. The Parfaits allege that the Ameriquest representative's false $5,000.00 per month income statement violated several state and federal lending laws identified supra.

30. The Parfaits further allege that the Ameriquest representative falsified the Parfaits' income statement to qualify them for a residential mortgage loan that they could not otherwise qualify or afford.

31. The Parfaits allege that the Ameriquest representatives used the Parfaits' consumer credit report in conjunction with the aforementioned false income statement to qualify the Parfaits for the aforesaid residential mortgage loan.

32. The Parfaits allege that the Ameriquest representative's use of their consumer credit report in conjunction with the alleged fraud constitutes a violation of the FCRA.

33. The Parfaits did not authorize Ameriquest or its representative the use of their consumer credit report to perpetrate the aforesaid alleged fraud.

34. The Parfaits allege that Ameriquest is liable for actual damages and punitive damages pursuant to 15 U.S.C. § 1681(n) and 1681(o) and for reasonable attorney fees and costs.

35. The Parfaits further allege that Ameriquest and its representatives both negligently and recklessly disregarded the provisions of the Fair Credit Reporting Act.

### DAMAGES

36. The Parfaits suffered actual damages, including but not limited to the following general and special damages:

a. General damages, including but not limited to mental distress, emotional distress and loss of enjoyment of life;

b. All proceeds expended in obtaining the subject loan;

c. All proceeds expended in payment on the subject loan;

d. All proceeds expended defending the subject loan;

e. Travel and other related litigation costs;

f. Loss of good credit standing

g. Injury to credit reputation;

h. Humiliation;

i. Injury to reputation in the community;

j. Inability to secure credit;

k. Costs associated with defending the instant action;

l. Economic harms associated with injury to credit standing;

m. Loss of access to credit; and

n. Inability to secure competitive credit pricing due to credit rating.

**WHEREFORE,** Mitchell and Florence Parfait pray that a certified copy of this Third Party Petition for Damages and citations to appear and answer same in the form and manner prescribed by law, be duly served upon the defendant, **AMERIQUEST MORTGAGE COMPANY**, in accordance with law, and after all legal delays and due proceedings had, there be judgment herein in favor of petitioners and against defendant for all reasonable damages, including compensatory and punitive damages, as permitted by law, together with legal interest thereon, at the legal rate, from the date of judicial demand, until paid, and for reasonable attorney fees and costs of these proceedings.

**PETITIONER FURTHER PRAYS** for this Honorable Court to fix the fee for each and every expert witness they may be required to call or use to establish the cause, nature or extent of their losses or damages and to tax same as cost herein.

**PETITIONER FURTHER PRAYS** for a trial by jury.

PETITIONER FURTHER PRAYS for all orders and decrees necessary and proper in the premises which law, equity or the nature of the case may permit.

Respectfully Submitted:
Melancon | Rimes

*(signature)*

Jason L. Melancon, La. Bar No. 28152
Robert C. Rimes, La. Bar No. 28740
8706 Jefferson Hwy., Suite B
Baton Rouge, LA 70809
Telephone: (225) 303-0455
Fax: (225) 303-0459
jason@melanconrimes.com

Marx Sterbcow, La. Bar No. 28425
The Sterbcow Law Group, LLC
1734 Prytania St.
New Orleans, LA 70130
Telephone: (504) 523-4930
Fax: (888) 241-6248

**PLEASE SERVE:**

**AMERIQUEST MORTGAGE COMPANY**
*Through its registered agent for service of process*
National Registered Agents, Inc.
1011 N. Causeway Blvd., Ste. 3
Mandeville, LA 70471

FILED
AUG 28 2009
*(signature)*
CLERK OF COURT

A TRUE COPY
Clerk of Court's Office
Thibodaux, La. Sept 2 2009
*(signature)*
Clerk Of Court

- 8 -

Aug-08-2006 10:56am  From-AMC Mortgage Services    +9094840381    T-305  P.005/005  F-738

I, Florence Parfait, make $5000 a month from Parfait Services, INC.

12-23-04

*Florence Alabraugh Parfait*

No. 0175   P. 3/3

Dec. 28. 2004 10:31AM

**EXHIBIT A**

**FILED**
AUG 28 2009
*Christie J. Morrison*
CLERK OF COURT
A TRUE COPY
Clerk of Court's Office
Thibodaux, La. Sept 2, 2009
*Christie J. Morrison*
Clerk Of Court